UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OTIS CROSBY, JR.,

    Plaintiff,

v.                                       Case No. 3:22-cv-669-MMH-MCR

CENTURION OF FLORIDA, et al.,

    Defendants.
_____

## **ORDER**

    Plaintiff Otis Crosby, Jr., an inmate of the Florida penal system, initiated this action on June 15, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). Crosby names as Defendants (1) Centurion of Florida; (2) Michelle Daniels, APRN at Jackson Correctional Institution (Jackson CI); (3) Reception and Medical Center (RMC) Sergeant Hollingsworth; (4) RMC Sergeant John Doe 1; (5) RMC Sergeant John Doe 2; (6) Dr. R. Bassa, RMC Medical Director; (7) Michelle Schouest, Florida Department of Corrections (FDOC) IISC; (8) Region I Medical Director Dr. E. Hernandez Perez; and (9) the Offices of Utilization Management as Defendants. Crosby asserts that Defendants violated his rights under the Eighth Amendment when they failed to treat him or to provide adequate medical remedies. He also brings breach of duty and breach of contract claims against Defendants.

In his Complaint, Crosby's allegations concern inadequate medical care that he received for stab wounds. Crosby contends he sustained the stab wounds at Jackson CI, and Defendant Daniels did not allow Crosby to see a doctor to treat a wound to his left hand for several days after the stabbing. Crosby was subsequently transferred to RMC, where he missed medical appointments for his hand because of untimely transport by RMC officials, was denied eight-week courses of physical therapy, and was not taken to post-operative appointments.

It appears that the proper venue for the claims that arise at Jackson CI is the Northern District of Florida, Panama City Division, while Crosby's claims that arise at RMC are properly venued in the Jacksonville Division of the Court. Accordingly, the Court will allow Roberts an opportunity to file an amended complaint using the enclosed civil rights complaint form. The amended complaint should include only those claims that arise in the Jacksonville Division. If Crosby wishes to pursue the claims that arose at Jackson CI and involve Jackson CI Defendants, he may file a separate lawsuit in the Northern District of Florida, Panama City Division.

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person

2

acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. To state a plausible claim for relief, Crosby must allege facts showing how each Defendant personally participated in the alleged constitutional violation.

Although a complaint need not set forth factual allegations, a plaintiff must provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 10 requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Therefore, Crosby should set forth the facts in sequentially numbered paragraphs, each devoted to a single set of circumstances. Notably, an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. TVPX ARS, Inc. v.

acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. To state a plausible claim for relief, Crosby must allege facts showing how each Defendant personally participated in the alleged constitutional violation.

Although a complaint need not set forth factual allegations, a plaintiff must provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 10 requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Therefore, Crosby should set forth the facts in sequentially numbered paragraphs, each devoted to a single set of circumstances. Notably, an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. TVPX ARS, Inc. v.

Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1327 (11th Cir. 2020). Thus, Crosby's amended complaint must include all related claims properly brought in the Jacksonville Division that he wishes to raise and must not reference the initial Complaint.

Further, any affidavits, supporting documents, and/or supplements should be marked as exhibits. Crosby must individually label his exhibits in the lower right-hand corner of each exhibit. Additionally, he must submit an "Exhibit List" with the title, a brief description, and date of each exhibit. After completing his amended complaint, Crosby must mail it to the Court with one copy for each defendant.

Therefore, it is now

**ORDERED:**

1. Crosby must file an amended complaint and provide to the Court service copies for each named defendant no later than **July 27, 2022**. This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written at the top of the form.

2. The **Clerk** shall send Crosby a blank civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-9
C: Otis Crosby, Jr. #C09771

5